IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br><br>v.<br><br>**TEMITOPE OMOTAYO (5)**<br>Defendant | CRIMINAL NO. 21-395 (RAM) |

**MOTION TO DISMISS THE INDICTMENT**

TO THE HONORABLE COURT:

COMES NOW counsel for defendant **TEMITOPE OMOTAYO (5)**, through his court appointed counsel and very respectfully moves for the dismissal of the indictment based on the following:

<u>The indictment violates defendant's due process</u>

In this case, a Superseding Indictment was returned by the Grand Jury on May 31, 2023, (Dkt. 86), charging the appearing defendant with violations to 18 USC 1956 (h). Defendant TEMITOPE OMOTAYO submits that the Superseding Indictment was returned by the grand jury based on improper information provided by the government, in violation of defendant's due process right and presumption of innocence. This action by the government affected the independent decision-making authority of the grand jury.

In particular, the Superseding Indictment includes allegations that jeopardized OMOTAYO's presumption of innocence in the instant case. It is submitted that those allegations were included in violation of OMOTAYO's protected rights, and to influence the grand jury to return an indictment against OMOTAYO. The allegations are contained in paragraphs 17 and 63. Paragraph #17, specifically state:

> On or about April 23, 2019, OLUWASEUN ADELKAN and TEMITOPE OMOTAYO, were charged by indictment in the **United Sates District Court for the Southern District of New York, Criminal Case No. 19-0021**. By orders dated April 25, 2019, the District Court in the **Southern District of New York permitted ADELEKAN and OMOTAYO to remain on**

1

**release statute, that is, out of prison, while they awaited trial**. Those orders notified ADELEKAN and OMOTAYO, respectively, **of the potential effect of committing an offense while on pretrial release**.

Said allegation, by and on itself, violates TEMITOPE OMOTAYO's presumption of innocence in this case. The grand jury who listened to the presentation of evidence had the task to decide whether there was probable cause to return and indictment or not against OMOTAYO in this case. They were directly informed by the government, that OMOTAYO was already facing a criminal action in the Southern District of New York and that OMOTAYO had committed the offense in this case, while on bail for his other criminal case. The government's action unduly influenced the Grand Jury to adjudge OMOTAYO's guilt, instead of merely weighing probable cause; and was a violation to his due process. Due process protections apply to targets of investigation at the grand jury stage proceedings. It is submitted that this government's violation was substantial and it affected the independent decision-making authority of the grand jury's decision, creating a bias against OMOTAYO. The indictment returned against OMOTAYO was biased and must be dismissed.

As the Court is aware, the presumption of innocence is a cornerstone of the Anglo-Saxon jurisprudence and the focal point of due process. It is the "golden thread that runs throughout criminal law" (Scurich & John, 2017).[1] The enforcement of an accused presumption of innocence lies at the foundation of the administration of the criminal justice system.

The presumption of innocence has two functions: first, it places the burden of producing evidence on the prosecution; and second, it attempts to delimit the permissible inferences that may be drawn from the fact that the defendant is on trial. There is empirical evidence that uninstructed jurors use official suspicion and the indictment as evidence of guilt (Scurich & John, 2017, supra).

---

[1] J. Scurich, R. John. (2017). Jurors Presumption of Innocence. The Journal of Legal Studies. Vol. 46 (1), January 2017

Recognized rights, such as the presumption of innocence, must be safeguarded even before the grand jury. Although the grand jury's historic role has been to serve as protective bulwark standing solidly between the ordinary citizen and the overzealous prosecutor (United States v. Pabian, 704 F.2d 1533, 1535 (11th Cir. 1983)), the reality is that grand jury proceedings are secret, ex-parte and largely under control of a federal prosecutor. Notwithstanding, the federal courts have supervisory powers over the grand jury proceedings to implement a remedy for violation of recognized rights. Those supervisory powers into the grand jury's activities have limits and have to be "guided by considerations of justice", McNabb v. United States, 318 US 332, 341 (1943), and in the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress.

The purpose underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights, McNabb, supra, at 340; Rea v United States, 350 US 214, 217 (1956); to preserve judicial integrity by ensuring that a conviction rest on appropriate considerations validly before the jury, McNabb, supra at 345; Elkins v United States, 346 US 206, 222 (1960); and finally, as a remedy designed to deter illegal conduct, United States v Payner, 447 US 727, 735-736, n.8 (1980).

The questions posed before this court is, whether the prosecutors's violation of OMOTAYO's presumption of innocence before the grand jury was a fundamental error of constitutional magnitude, which rendered the grand jury proceeding unfair, allowing a finding of presumption of prejudice from the court and, thus, the dismissal of the superseding indictment. Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369 (1988).

If the court doesn't find that the error was of constitutional magnitude, the court must, nonetheless, conduct a harmless error inquiry prescribed by Fed.R.Crim.P 52(a), to determine whether prosecutor's violation substantially influenced the grand jury's decision to indict, or

3

there is "grave doubt" that the decision to indict was free from substantial influence of such violations. <u>United States v Mechanik,</u> 475 U.S 78, 106 S.Ct. 938, 946 (1986)

OMOTAYO respectfully submits, that the violation involved in his case was of constitutional magnitude for which a federal court has no need to make a particular assessment of the prejudicial impact of the error, because the error was fundamental allowing a finding of prejudice for which the remedy is the dismissal of the Superseding Indictment against him. See: <u>Bank of Nova Scotia v. United States,</u> supra, at page 256.

In the case at bar, the government may argue that the contents of allegations number 17 and 63, mentioning OMOTAYO'S legal case and his pretrial release status, were to support their mention of 18 USC §3147, in two instances, on the superseding indictment, to wit: the heading of the indictment and under the title "Count One". See below:

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

                                    SUPERSEDING INDICTMENT
UNITED STATES OF AMERICA
                                    CRIMINAL NO. 21-395 (RAM)
            v.
                                    VIOLATION:
[1] OLUWASEGUN BAIYEWU,             18 U.S.C. §§ 1956(h), 3147
[2] IFEOLUWA DUDUBO,
[3] OLUWASEUN ADELEKAN,             FORFEITURE:
[4] TEMITOPE SULEIMAN A/K/A         18 U.S.C. § 982(a)(1)      RECEIVED AND FILED
    "JONATHAN AKINFEMI,"                                        CLERK'S OFFICE USDC PR
[5] TEMITOPE OMOTAYO,               ONE COUNT
                                                                2023 MAY 31 PM 4:17
           Defendants.
```

Case 3:21-cr-00395-RAM    Document 86    Filed 05/31/23    Page 3 of 18

```
                            COUNT ONE
                   Conspiracy to Commit Money Laundering
                      (18 U.S.C. §§ 1956(h) and 3147)
```

Defendant submits that a close review of the Superseding Indictment reveals that neither in the conspiracy count nor in the substantive count, a reference to 18 USC §3147, is nowhere to be found. The reason is that §3147 <u>is not</u> a crime violation. It is, however, a provision under the

4

Rules of Criminal Procedure, Chapter 207, which establishes the release and detention pending judicial proceedings. Section 3147 establishes the penalty for an offense committed while on release. It provides that:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to-
>
> 1) a term of imprisonment of not more than ten years if the offense is a felony; or
>
> 2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

The directives of §3147 have been assimilated in the Sentencing Guidelines through USSG §2J1.7. The Sentencing Commission, in its Background Commentary to §2J1.7 characterizes §3147 as an <u>enhancement provision</u> "and not a count of conviction." See: <u>United States v. Randall</u>, 287 F.3d 27 (1st 2002).

Section 3147, does not require a jury finding. That is because it doesn't include facts that increase mandatory minimums, in the case at bar. See: <u>Allyene v United States</u>, 133 S.Ct. 2151 (2013); 570 US 99 (2013). As a matter of law, this section is triggered for application, <u>once a conviction in the case has been found</u>. Doing so would prejudicial, would unduly influence the jury and impinge upon OMOTAYO's fundamental rights, such as the presumption of innocence, as is the case here. Thus, the government's informing the grand jury that OMOTAYO was facing a criminal case in the Southern District of New York and that he committed the offense while they were weight whether there was probable cause or not to indict him in the present action, constitutes undue influence from the prosecutor t to the grand jury, which prevented them from acting independently and reaching a fair and unbiased judgment from that of the prosecuting attorney.

5

Nothing more is constitutionally required of an indictment than that it be "returned by a legally constituted and unbiased jury." The Grand Jury must be "independent and informed." It must exercise its fair and unbiased judgment "acting independently of either prosecuting attorney or judge." Where bias and prejudice inhibit the grand jury's ability to serve as an independent and impartial investigative body, constitutional guarantees are abrogated, and the indictment must be dismissed.

The Supreme Court has held that dismissal of an indictment is appropriate only as a sanction for alleged misconduct, and the standard for dismissal of an indictment is extremely high. A federal court may not invoke its supervisory powers to dismiss and indictment for prosecutorial misconduct to circumvent the harmless error inquiry prescribed by Fed.R.Crim.P. 52(a). Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369 (1988). Rule 255 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Dismissal is appropriate "if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from substantial influence of such violations". Id. at 256, 108 S.Ct. at 2374, quoting United States v Mechanik, 475 U.S. 66,78, 106 S.Ct. 938, 946 (1986).

To the extent that the values protected by supervisory authority are at issue, those powers may not be exercised in a vacuum. Rather, dismissal of an indictment or reversal of convictions under the courts supervisory power must be approached "with some caution", Payner, 447 U.S. at 734, and with a view toward balancing the interest involved, id. at 735-736, and n.8; Elkins, supra, at 216; United States v Caceres, 440 U.S. 741, 755 (1979); cf. Nardone v United States, 308 US 338, 340 (1939), as cited in United States v Hastings, supra at 506.

In cases where dismissal is sought for nonconstitutional error, the standard for prejudice that courts should apply is the one established in United States v Mechanik, supra, which is that the

6

dismissal of the indictment is appropriate only "if it is established that the violation substantially influenced the grand jury's decision to indict", or there is "grave doubt" that the decision to indict was free from substantial influence of such violations. <u>United States v Mechanik</u>, supra, at 78.

However, where the dismissal is sought for <u>a constitutional error</u>, the federal courts have no need to make a particular assessment of the prejudicial impact of the errors, **because the errors are deemed fundamental**. <u>Bank of Nova Scotia v. United States</u>, supra, at 256. Cases in which structural protections of the grand jury have been so compromised, the proceedings are fundamentally rendered as unfair; thus, allowing a finding of presumption of prejudice from the court. <u>Rose v. Clark</u>, 478 US 570, 577-578 (1986); see also: <u>Vasquez v Hillary</u>, 474 US 254, 260-264 (1986) (where racial discrimination in selection of grand jurors compelled dismissal of the indictment); <u>Ballard v United States</u>, 329 US 1987 (1946) (where women had been excluded from the grand jury).

When the issue involves an error of constitutional magnitude, remedies other than dismissal of the indictment are impractical. The nature of a constitutional violation allows a presumption that the defendant was prejudiced, and any inquiry into harmless error would have required unguided speculation. <u>Bank of Nova Scotia v. United States</u>, supra, at 257.

It is submitted that in OMOTAYO's case, had the government not mentioned that this defendant was already facing a criminal action in the Southern District of New York and that he had committed the offense while they were evaluating probable cause to return an indictment against him; most probably an indictment against OMOTAYO would not have been returned, since the evidence against him is scant to say the least.

The prosecutor, not only violated OMOTAYO's presumption of innocence before the grand jury, but also suggested culpability based on prior criminal conduct and by mere association with

7

another co-defendant. To this effect, refer to allegations' numbers 31 and 34 of the superseding indictment, where the government alleges that scammers induced the victims to mail monies through the US Postal Service to an address in Staten Island, New York. In said address, both ADELAKAN and OMOTAYO resided. However, the fact that OMOTAYO resided in the address where the monies were mailed to, per se, is insufficient to establish probable cause that OMOTAYO himself, was in anyway involved in the receipt, management or control of the alleged scammed monies. Interestingly, the government alleged that the scammed monies were deposited into an account controlled by ADELAKAN (See: allegation #34 of the Superseding Indictment).[2]

In conclusion, the prosecutor's evidence against OMOTAYO, is and was insufficient to have a grand jury return an indictment against him. The mention of OMOTAYO's facing a criminal process before the Southern NY District, by the prosecutor, not only jeopardized OMOTAYO's presumption of evidence before the grand jury, but tilted the predisposition of the grand jury affecting their independent decision-making ability, in order for the prosecutor to safeguard a return of an indictment against OMOTAYO. It is submitted that had the prosecutor not wrongfully influenced the grand jury decision making authority, probably they would not have returned an indictment for lack of probable cause against OMOTAYO.

Jurors bring different assumptions to the court regarding the likely guilt of a criminal defendant, which are related to their beliefs about the guilt of the defendant. Jurors who assume

---

[2] It is submitted that during the grand jury proceedings, the prosecutor throwed OMOTAYO's name comingled with ADELEKAN's name to create confusion and substantially influence the grand jury's decision to return and indictment against OMOTAYO. See, allegation #35 of the Superseding Indictment, where the prosecutor restates in a different way, the same allegation that the funds were received in the residence where OMOTAYO resided with ADELEKAN, when it states "…with the money victims DI and KC had provided to …", implying that because the moneys were sent to the address OMOTAYO resided with Adelakan, he received, managed or controlled the alleged scammed monies. Again, we must stress, that the residing in an address where alleged scammed monies were mailed to, is insufficient to establish probable cause against OMOTAYO.

8

that a person is more likely to be guilty at the beginning of a process, are also more likely to vote to convict at the conclusion of the proceeding. Furthermore, uninstructed jurors use official suspicion and the indictment as evidence of guilt (Scurich & Johnson, 2017, supra). In grand jury proceedings, the grand jurors are only presented with the evidence and factors controlled by the prosecutor, and the indictment is drafted by the prosecutor for them to approve and return.

It is submitted, that in the case at bar, the independent decision-making authority of the grand jury was affected by the prosecutor's disclosure of OMOTAYO's pending criminal case, and the inclusion of said information in the Superseding Indictment to be returned by them. The presentation of said information and factors by the prosecutor was in violation of OMOTAYO's protected rights and thus, constitute a structural error which warrant the finding of a presumption of error of constitutional magnitude, which requires a dismissal of the Superseding Indictment against him.

Lastly, Fed. R. Crim. P. 6(e)(3)(C)(ii) permits disclosure of grand jury testimony "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. Defendant TEMITOPE OMOTAYO submits, he has shown that grounds exist for his motion to dismiss the indictment. Therefore, he requests the disclosure of the grand jury transcripts for an in-camera review.

WHEREFORE, for the reasons stated above, TEMITOPE OMOTAYO request the DISMISSAL of the Superseding Indictment.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 12th day of June 2024.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

s/Mariángela Tirado-Vales
**MARIÁNGELA TIRADO-VALES**
USDC No. 203214
mtvlaw@gmail.com
P.O. Box 194786
San Juan, P.R. 00919-4786
Tel. (939) 644-2844
