UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[5] TEMITOPE OMOTAYO,<br>Defendant. | CRIMINAL NO. 21-395 (RAM) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SUPERSEDING INDICTMENT**

**I.    INTRODUCTION**

The United States of America, through its undersigned counsel, respectfully submits this response in opposition to Defendant Temitope Omotayo's Motion to Dismiss (D.E. 295, hereinafter, the "Motion") the Superseding Indictment returned in the District of Puerto Rico (hereinafter, "Superseding Indictment"). The Motion should be DENIED.

The Motion argues that the Superseding Indictment should be dismissed. Omotayo asserts the government violated his constitutional rights by alleging a violation and facts to support charging 18 U.S.C. § 3147—a sentencing enhancement that could subject Omotayo to an additional ten years in prison if he is convicted. *See* 18 U.S.C. § 3147(1) ("A person convicted of an offense committed while [on pretrial release] shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of

imprisonment of not more than ten years if the offense is a felony.").[1] D.E. 295 at 3. This, Omotayo argues, was a "fundamental" error that rendered the grand jury proceeding unfair and warrants a finding by the Court that the grand jury was prejudiced against Omotayo.[2] *Id.* The Motion additionally seeks disclosure of the grand jury testimony in this case, apparently on the basis that the Motion establishes the requisite "showing," under Rule 6(e)(3)(C)(ii), of a valid ground to dismiss the Superseding Indictment.

The Court should deny Omotayo's Motion because it fails to establish that any of Omotayo's constitutional rights were violated merely because the Superseding Indictment pled a violation of the sentencing enhancement provision. The Fifth Amendment to the Constitution and, thus, Rule 7 of the Federal Rules of Criminal Procedure, require an indictment to allege each "citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *See* FED. R. CRIM. P. 7(c)(1). Pursuant to the Sixth Amendment to the Constitution and applicable caselaw, this includes any applicable sentencing enhancement. *See Alleyne v. United States*, 570 U.S. 99 (2013). Second, because Omotayo has failed to establish any ground to dismiss the Superseding Indictment, he is not entitled to disclosure of grand jury testimony at this time.

---

[1] Specifically, the Superseding Indictment alleges that Omotayo committed the alleged violation while on pretrial release in a case then pending in the Southern District of New York, 1:19-cr-000291-LAP (S.D.N.Y.) (the "S.D.N.Y. prosecution").

[2] The Motion appears also to seek a "harmless error" analysis in the event the Court does not agree there was a constitutional violation. D.E. 295 at 3-4.

**II.     FACTS**

On April 23, 2019, the defendant and ten other individuals, including another co-defendant in the instant case, Oluwaseun Adelekan, were indicted in the S.D.N.Y. for orchestrating wire fraud and money laundering conspiracies that moved funds from business email compromise ("BEC"), investment, and romance scams. *See* 1:19-cr-000291-LAP (S.D.N.Y.). The conspiracy charged in the S.D.N.Y. superseding indictment spanned from approximately July 2016 through April 2019.

Both Omotayo and Adelekan were arrested on April 25, 2019 and released on bond. Although their pretrial conditions of release prohibited them from interacting with each other outside the presence of counsel, they continued to reside together (as they had prior to their arrests) along with another co-defendant in that case (Adewole Taylor) in Staten Island, New York.

Independent of the S.D.N.Y. prosecution, the United States Postal Inspection Service and Elder Fraud Task Force embedded within the Consumer Protection Branch at the United States Department of Justice independently began to investigate money laundering activities (hereinafter, "USPIS/CPB investigation"), which led investigators to believe that Omotayo and Adelekan were involved in laundering funds obtained from "new" (i.e. post-S.D.N.Y.-indictment) fraud victims, including two romance scam victims and dozens of citizens victimized in COVID-19 relief/unemployment insurance ("UI") fraud scams. Aside from one romance scam victim who was initially victimized in 2019, the remainder of the USPIS/CPB investigation, which later coalesced to become this

prosecution, focused on criminal activity beginning in 2020—i.e., after the scope of the S.D.N.Y. superseding indictment. *See* 1:19-cr-00291-LAP-6 (S.D.N.Y.), D.E. 387, 389, 391, 393, 395, 397 (trial transcripts).

Omotayo and Adelekan's S.D.N.Y. trial commenced on October 19, 2021, and the government presented evidence that the defendants played central roles in wire fraud and money laundering conspiracies. *See id.* The trial proof centered on four BEC schemes (attempted and completed) that occurred in August 2018, October 2018 and December 2018, and an investment scam perpetrated on an individual in February 2017. *Id.* On October 26, 2021, a jury convicted Omotayo and Adelekan on all counts. *See id.*, D.E. 397 at 923-25. Ultimately, the Court imposed a 72-month sentence to be followed by a three-year term of supervised release and ordered Omotayo to pay a forfeiture judgment of $5,401,432.60 and restitution in the amount of $5,346,731. *See id.*, D.E. 485. As indicated above, the USPIS/CPB investigation, which began in 2020, continued.

Meanwhile, beginning in 2021, FBI San Juan also began investigating Oluwasegun Baiyewu following a BEC perpetrated on a Puerto Rican company in October 2020. Throughout the course of that investigation into the trade-based money laundering network alleged in the Superseding Indictment, law enforcement working both investigations discovered evidence indicating that the co-conspirators charged in this prosecution worked together from spring 2020 through fall 2021. The U.S. Attorney's Office for the District of Puerto Rico and the Consumer Protection Branch then developed and presented the Superseding Indictment to a grand jury in Puerto Rico.

With respect to Omotayo, the Superseding Indictment charges him and the other defendants with engaging in a money laundering conspiracy spanning approximately May 2020 through October 2021, which involved money obtained through various scams—including business email compromises, romance scams, and unemployment insurance fraud schemes. *See* D.E. 86 ¶¶ 18-21. Specific allegations relating to Omotayo's role in relation to laundering proceeds of unemployment insurance fraud are set forth at paragraph 63, which states:

> In or around August 2020, TEMITOPE OMOTAYO and OLUWASEUN ADELEKAN worked together to obtain money orders derived from UI fraud for OLUWASEGUN BAIYEWU, and to deliver and tender the money orders to Copart locations in New Jersey and New York to pay for vehicles purchased by BAIYEWU and CC-5 using the Copart accounts BAIYEWU and CC-5 controlled. During this time period, ADELEKAN and OMOTAYO were on pretrial release.

In addition to facts supporting the alleged money laundering conspiracy, the Superseding Indictment also includes a citation to 18 U.S.C. § 3147, the applicable sentencing enhancement, and also alleges—as requisite background facts—the following:

> On or about April 23, 2019, OLUWASEUN ADELEKAN and TEMITOPE OMOTAYO were charged by indictment in the United States District Court for the Southern District of New York, Criminal Case No. 19-00291. By orders dated April 25, 2019, the District Court in the Southern District of New York permitted ADELEKAN and OMOTAYO to remain on release status, that is, out of prison, while they awaited trial. Those orders notified ADELEKAN and OMOTAYO, respectively, of the potential effect of committing an offense while on pretrial release.

*Id.* ¶ 17.

As the Motion points out, the Superseding Indictment also alleges that Omotayo was residing with Adelekan in Staten Island, New York, at an address where romance scam victims were directed to send money. *Id.* ¶ 31.

### III. LEGAL STANDARDS

The Fifth Amendment to the Constitution provides that "No person shall be held to answer" for a felony "unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V; *see also* FED. R. CRIM. P. 7(a) advisory committee's note. Accordingly, Rule 7 of the Federal Rules of Criminal Procedure set forth the "Nature and Grounds" to be included in any charging documents. *See* FED. R. CRIM. P. 7(c)(1). This provision requires the government to include in an indictment each "official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." FED. R. CRIM. P. 7(c)(1)).

The Sixth Amendment to the Constitution "requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 104 (2013).[3] This requires the government to prove, and include in an indictment, "facts [that] alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment." *Id.* at 108. Including a sentencing enhancement

---

[3] The Motion characterizes *Alleyne* as standing for the proposition that facts need not be proven to a jury if they do not "increase mandatory minimums." D.E. 295 at 5. Although perhaps the government misses Omotayo's point, it appears he has mischaracterized *Alleyne*, which held simply that "[f]acts that increase [a] mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 108.

like 18 U.S.C. §3147 "enables [a] defendant to predict the legally applicable penalty from the face of the indictment." *Id.* at 113-14.

"[B]eyond technical defects and cases of misconduct, a federal court can only exercise its supervisory power and supplant the grand jury's 'fundamental role' by dismissing an indictment in 'extremely limited circumstances.'" *United States v. Del Valle Fuentes*, 2015 WL 6866091, at *1 (D.P.R. Oct. 6, 2015) (quoting *Whitehouse v. U.S. Dist. Ct. for Dist. of R.I.*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)). Under the controlling case cited by Omotayo, *Bank of Nova Scotia*, a defendant seeking dismissal of an indictment must establish that (1) the government committed misconduct during the grand jury proceeding, and (2) any violation stemming from the misconduct prejudiced him. *See United States v. Jackson*, 58 F.4th 541, 554 (1st Cir. 2023). With respect to the first prong, "misconduct" may, for example, be present if "the government elicited false or misleading testimony in order to obtain an indictment, knew that the relevant testimony was false, [or] failed to correct the falsity, such that the government 'distort[ed] the integrity' of the grand jury proceeding.'" *Id.* at 553-54. As to the second prong, "prejudice" means that the alleged misconduct "influenced substantially the grand jury's decision to indict or . . . there is grave doubt as to whether the decision to indict was so influenced." *Bank of Nova Scotia*, 487 U.S. at 259.

In the motion-to-dismiss context, the Court assumes that all pertinent allegations of the Superseding Indictment are true. *United States v. Moyer*, 713 F. Supp. 1035 (N.D. Ohio 1989); *United States v. Conley*, 859 F. Supp. 909 (W.D. Pa. 1994).

## IV.   DISCUSSION

"It is axiomatic that 'grand jury proceeding[s] [are] accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986). The Motion here fails to dispel the presumption of regularity that attaches to grand jury proceedings because it has not established any government misconduct, let alone any constitutional violation. In essence, the Motion incorrectly argues that it was misconduct for the government to allege the sentencing enhancement 18 U.S.C. § 3147, and that to do so "constitutes undue influence from the prosecutor . . . to the grand jury, which prevented them from acting independently and reaching a fair and unbiased judgment." D.E. 295 at 5. The Motion also attacks the evidence against Omotayo as "scant," and asserts that "most probably" the grand jury would not have returned an indictment had the government not mentioned the S.D.N.Y. prosecution. D.E. 295 at 5.

The Motion fails because, first, the Fifth and Sixth Amendments and cases interpreting these Amendments, and Rule 7 of the Federal Rules of Criminal Procedure, all indicate that the government was correct to allege a violation 18 U.S.C. § 3147 and facts to support it. This sentencing enhancement has the potential to increase the possible applicable sentence, and alleging it put Omotayo on notice of the consequences of a

conviction. Therefore, the government acted properly in the grand jury proceeding and there was no prosecutorial misconduct.

Next, the Motion raises no basis to support its argument that Omotayo was prejudiced. The Motion fails to cite a case where any court has dismissed an indictment solely because the government presented facts underlying a sentencing enhancement to the grand jury. Indeed, criminal defendants have often argued the reverse—that the government *must* present the facts underlying an 18 U.S.C. § 3147 enhancement to both the grand and petite juries. *See, e.g.*, *United States v. Gillon*, 348 F.3d 755, 757-58 (8th Cir. 2003) (assuming *Apprendi* error occurred when the government omitted any factual basis for the § 3147 enhancement from the indictment); *United States v. Confredo*, 528 F.3d 143, 156 (2d Cir. 2008) (holding "[t]he only aspect of the *Apprendi* claim that might remain is the absence from the indictment of an allegation that the offenses were committed while on release" but finding the error harmless because the court had "no doubt that the grand jury would have found that the offense were committed while Confredo was on release."); *Jackson*, 58 F.4th at 554-55 (no prejudice, in "felon in possession" case, where agent incorrectly testified about defendant's "non-existent" prior conviction because there was evidence as to other prior felony convictions presented to grand jury). In addition, this case is wholly distinguishable from the cases cited by the defendant—cases wherein racial and sex discrimination permeated grand jury proceedings. D.E. 295 at 7.

Additionally, the Court should reject the Motion's unreasonable and absurd assumption that the mere mention of the defendant's pretrial release status rendered the

grand jurors utterly incapable of thinking clearly or objectively. Moreover, Omotayo's argument ignores the substantive money-laundering-conspiracy allegations against the defendant that are contained in Paragraphs 18-21 and 63, all of which support the existence of probable cause. Specifically, the Superseding Indictment alleges that, during approximately August of 2020, Omotayo and Adelekan worked together to obtain money orders derived from unemployment insurance fraud and use those money orders to pay for vehicles defendant Baiyewu purchased through the auto auction company, Copart, for an unindicted co-conspirator located in Nigeria. Therefore, there is no basis to support Omotayo's assertion that the government's evidence against him "is and was insufficient," D.E. 295 at 8, or that the grand jury was biased against him.[4]

Because the Motion's assertion of prosecutorial misconduct is based on mere speculation, Omotayo cannot show, as the Federal Rules require, that "any ground may exist to dismiss [the Superseding Indictment] because of a matter that occurred before the grand jury[.]" *See* FED. R. CRIM. P. 6(e)(3)(C)(ii); *see also United States v. Capozzi*, 486 F.3d 711, 726 (1st Cir. 2007) (holding that "[t]he indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity" while noting that the "the defendant bears the burden of showing particularized need.") (cleaned up);

---

[4] Omotayo's Motion also fails "harmless error" analysis. *See Bank of Nova Scotia*, 474 U.S. at 256 (citing *Kotteakos v. United States*, 328 U.S. 750 (1946)) (dismissal of indictment only appropriate where a violation "substantially influenced" grand jury decision to indict or "grave doubt" exists as to whether decision to indict was free from "substantial influence of violations.").

*United States v. Torres-Garcia*, 570 F. Supp. 2d 337, 241 (D.P.R. 2008) (noting that Rule 6(e) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred.").

Simply put, "[a] general claim that grand jury material could possibly be helpful does not constitute a particularized need." *United States v. Zhitlovsky*, No. 03-400332-01-SAC, 2003 U.S. Dist. LEXIS 14009, at *4-5 (D. Kan. July 29, 2003). Because there has been no particularized showing of any irregularities in the grand jury proceedings, the Motion for production of grand jury material should be DENIED.

## V.     CONCLUSION

The defendant has failed to bring forth facts or legal authority sufficient to justify dismissal of the Superseding Indictment. It was proper under the Fifth and Sixth Amendments to the Constitution, the Federal Rules of Criminal Procedure, and applicable case law for the government to include in the indictment a citation to and facts to support the applicability of the sentencing enhancement 18 U.S.C. § 3147. Moreover, Omotayo has failed to establish that he was prejudiced in any way. Therefore, there is no basis to dismiss the Superseding Indictment or release to Omotayo recordings or transcripts of the grand jury proceedings.

For the foregoing reasons, the Motion at D.E. 295 should be DENIED.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on 27 June 2024.

*s/ Emily C. Powers*
Trial Attorney
New York Bar. No. 5132204
Consumer Protection Branch
United States Department of Justice
450 Fifth St., NW, Suite 6400
Washington, DC  20001
Phone: (202) 451-7763
Email: emily.powers@usdoj.gov

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Emily C. Powers*
Emily C. Powers
Trial Attorney
