IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLUWASEUN ADELEKAN,<br>Defendant. | RECEIVED AND FILED<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT<br>SAN JUAN, P.R.<br>Date: 2025.07.15 16:06:58 -04'00'<br><br>CRIMINAL NO. 21-395 (RAM) |

**PLEA AND FORFEITURE AGREEMENT**

TO THE HONORABLE COURT:

The United States of America, Defendant, Oluwaseun Adelekan, and Defendant's counsel, Laura Maldonado, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows: 

1. **Charges to which Defendant will Plead Guilty**

    Defendant agrees to plead guilty to Count One[1] of the Superseding Indictment:

    Count One:  Beginning in or about May 2020 and continuing through in or about October 2021, within the District of Puerto Rico and elsewhere, the defendant knowingly conspired with others to violate 18 U.S.C. §§ 1956 and 1957, including by:

    a.  Knowingly conducting and attempting to conduct financial transactions involving monetary transactions affecting interstate and foreign commerce,

---

[1] As provided in Paragraph 8, the Government waives its right to pursue an enhanced sentence under 18 U.S.C. § 3147.

which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; access device fraud, 18 U.S.C. § 1029(a)(2); access device fraud conspiracy, 18 U.S.C. § 1029(b)(1); and money laundering conspiracy, 18 U.S.C. § 1956(h); knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b.    Knowingly engaging and attempting to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, proceeds of mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; and money laundering conspiracy, 18 U.S.C. § 1956(h), in violation of 18 U.S.C. § 1957.



2. **Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the Superseding Indictment is a term of imprisonment of not more than twenty years pursuant to 18 U.S.C. § 1956(a)(1), (h); a fine not to exceed $500,000 pursuant to 18 U.S.C. § 1956(a)(1), (h); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).



### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines, order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not

made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 1956(a)(1), (h) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §2S1.1(a)(2)<br>Adjusted Offense Level: based on $482,795 +12, §2B1.1(b)(1)(G) | 8<br>+12 |
| Involved sophisticated means, §2S1.1(b)(3) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 19 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |




## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment within the applicable Guidelines range at a total offense level of 19 when combined with the criminal history category determined by the Court, to run concurrent with the sentence imposed in 19-cr-291 (S.D.N.Y.), which commenced on or about May 25, 2022.² The Government waives its right to pursue an enhanced sentence as provided under 18 U.S.C. § 3147.

The parties agree that any recommendation by either party for a term of  imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

---

² Defendant Adelekan was sentenced on May 25, 2022, however he was remanded to custody immediately after the jury returned its guilty verdict on October 26, 2021.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.




## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Laura Maldonado, and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.



d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from

Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the Consumer Protection Branch of the United States Department of Justice, the United States Attorney's Office for the District of Puerto Rico, and Defendant. It does not bind any other federal district, state, or local authorities. 

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**19. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**20. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**21. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Forfeiture Provision

The defendant agrees to forfeit to the United States all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1):

a. Any property, real and personal, involved in the offense, and any property traceable to such property.

The property to be forfeited includes a money judgment in the amount of $339,778.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is  subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture. 

[INTENTIONALLY LEFT BLANK]

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Seth Erbe
Assistant U.S. Attorney
Chief, White Collar Division
Dated: 7/15/25

_____
Linet Olinghouse
Assistant U.S. Attorney
Dated: 07/15/25

_____
Laura Maldonado
Counsel for Defendant
Dated: 7/15/25

Lisa K. Hsiao
Acting Director, Consumer Protection Branch

_____
Richard Greene
Emily C. Powers
Trial Attorneys
Dated: 7/15/25

_____
Oluwaseun Adelekan
Defendant
Dated: 7/15/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 7/15/25

_____
Oluwaseun Adelekan
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/15/25

_____
Laura Maldonado
Counsel for Defendant

U.S. v. Oluwaseun Adelekan, 21-CR-395 (RAM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant Oluwaseun Adelekan admits that he is guilty as charged in the Superseding Indictment and admits the following:

Beginning in or about May 2020 and continuing through in or about October 2021, within the District of Puerto Rico and elsewhere, the Defendant knowingly conspired with others to violate 18 U.S.C. §§ 1956 and 1957, including by (i) knowingly conducting and attempting to conduct financial transactions involving monetary transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; access device fraud, 18 U.S.C. § 1029(a)(2); access device fraud conspiracy, 18 U.S.C. § 1029(b)(1); and money laundering conspiracy, 18 U.S.C. § 1956(h); knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (ii) knowingly engaging and attempting to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, proceeds

of mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; and money laundering conspiracy, 18 U.S.C. § 1956(h), in violation of 18 U.S.C. § 1957.

Specifically, in or about May 2020 through in or about October 2021, the Defendant conspired with others to launder funds from victims in the United States, including those identified in the Plaintiff's Designation of Evidence (D.E. 500) and Omnibus Motion in Limine and Trial Brief (D.E. 579), derived from fraud schemes overseas , including as follows:

1. Between in or about September 2018 and continuing through in or around September 2020, scammers tricked victim K.C., a resident of California, into believing that K.C. was involved in a romantic relationship with a person K.C. had met online named "Albert Burgey." In fact, "Albert Burgey" was a fictitious entity made up to trick and manipulate K.C. into sending money and other things of value via the U.S. Postal Mail and other common carriers, including to the residence the Defendant shared with a co-defendant and co-conspirator in Staten Island, New York.

2. Between in or about August 2019 and continuing through in or around August 2020, scammers tricked victim D.L., a resident of California, into believing that D.L. was involved in a romantic relationship with a person D.L. had met online named "Emily Witty." In fact, "Emily Witty" was a fictitious entity made up to trick and manipulate D.L. into sending money via wire transfer, U.S. Postal Mail, and other common carrier, including to

the residence the Defendant shared with a co-defendant and co-conspirator in Staten Island, New York. Between on or about June 11, 2020, through on or about July 14, 2020, the scammers, posing as "Emily Witty" or her representatives, induced D.L. to send approximately $59,000 in cash via the U.S. Postal Service to the residence the Defendant shared with a co-defendant and co-conspirator in Staten Island, New York. At least some of this cash was deposited into Investors Bank account ending in x7821, which the Defendant controlled. On or about June 23, 2020, the Defendant withdrew $4,683 in funds from his Investors Bank account ending in x7821, wherein victim funds from K.C. and D.L. had been commingled, and purchased Investors Bank cashier's check no. 4250001153, made payable to an online vehicle auction house. The Defendant then transported Investors Bank cashier's check number 4250001153 to the online vehicle auction house's location in Somerville, New Jersey, and tendered it to pay for costs and fees associated with vehicles that a co-defendant and co-conspirator residing in Richmond, Texas purchased from the online vehicle auction house and then subsequently facilitated the shipment of those vehicles to co-conspirators located in Nigeria.

3. In or around June 2020 through in or around September 2020, scammers falsely misrepresented themselves as other people, including victim L.S., via the Illinois Department of Employment Security ("IDES") online UI

system, to certify and re-certify eligibility for UI benefits and to fraudulently obtain UI benefits in victims' names. During the application process, scammers requested that victims' UI benefits be loaded onto reloadable, prepaid Green Dot debit cards, which the scammers used to purchase at least 185 money orders, totaling approximately $157,832, from U.S. Post Office locations in New Jersey. For example, between on or around July 22, 2020, through on or around August 5, 2020, the Defendant transported and tendered at least 50 of the 185 money orders, totaling $49,260, to an online vehicle auction house located in Somerville, New Jersey. The money orders were used to pay costs and fees associated with vehicles a co-defendant and co-conspirator who resided in Richmond, Texas purchased through the online vehicle auction house. In addition, during the same period, and under the instructions from the same co-defendant and co-conspirator in Richmond, Texas, the Defendant made online vehicle auction house payments on behalf of two other co-conspirators located in Nigeria, CC-5 and CC-6. The Defendant agreed to deliver and tender, and did deliver and tender, the payments, which included money orders purchased with the Green Dot debit cards ending in x2670 and x2611. In or around August 2020, the Defendant worked with co-defendants and co-conspirators located in Staten Island, New York and Richmond, Texas to obtain and tender money orders derived from UI fraud to pay for vehicles purchased from

online vehicle auction houses. These money orders were used to pay for costs and fees associated with vehicles a co-defendant and co-conspirator in Richmond, Texas and other co-conspirators purchased. In total, the Defendant worked with co-defendants and co-conspirators in Staten Island, New York and Richmond, Texas to facilitate the delivery and tender financial instruments totaling at least $64,693 of to an online vehicle auction house. The Richmond, Texas co-conspirator and co-defendant then subsequently facilitated the shipment of the vehicles purchased with the funds to co-conspirators located in Nigeria.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt. At trial, the United States would have proven beyond a reasonable doubt that Defendant Oluwaseun Adelekan is guilty as charged in the Superseding Indictment.

Discovery was timely made available to Defendant for review.

_____
Linet Olinghouse
Assistant U.S. Attorney
Dated: 07/15/25

_____
Laura Maldonado
Counsel for Defendant
Dated: 7/15/25

_____
Richard Greene
Emily C. Powers
Trial Attorneys
Consumer Protection Branch
Dated: 7/15/25

_____
Oluwaseun Adelekan
Defendant
Dated: 7/15/25