UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                          CRIM. NO. 21-395 (RAM)

[3] OLUWASEUN ADELEKAN,
Defendant.

UNITED STATES SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorney, and

submits this sentencing memorandum to the Court for the purposes of sentencing the above-

captioned defendant.

1.  The United States' Sentencing Recommendation

For the reasons set forth more fully below, the United States recommends a within-

guidelines sentence of 37 months followed by a three-year term of supervised release, and a

special monetary assessment of $100. The government also seeks entry of a forfeiture money

judgment in the amount of $482,795. Under the plea agreement (ECF #611 at 5), the

United States waived its right to pursue an enhanced sentence as provided under 18 U.S.C.

§ 3147.

2.  Guideline Calculations in the Plea Agreement

The government and the Defendant agreed to the following sentencing guideline

calculation in the plea agreement (ECF #611 at 4) for the Defendant's offense level for his

conviction under Count One, 18 U.S.C. § 1956(h) (Money Laundering Conspiracy), as

follows:

1

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 1956(a)(1), (h) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §2S1.1(a)(2) | 8 |
| Adjusted Offense Level: based on $482,795 +12, §2B1.1(b)(1)(G) | +12 |
| Involved sophisticated means, §2S1.1(b)(3) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **19** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |

The government agrees with the U.S. Probation Department's ("Probation") assessment in the presentence report ("PSR") that the defendant falls into Criminal History Category I. (ECF #790 at 15, ¶ 39). Therefore, under the plea agreement, the resulting guidelines term of imprisonment range is between 30 and 37 months.

3. Guideline Calculations in the PSR

After consideration of the charge and facts related to the above-captioned case, Probation conducted its own sentencing guideline calculation (ECF #790, pp. 13-14, ¶¶ 26-35), as follows:

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 1956(a)(1), (h) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §2S1.1(a)(2)<br><br>Adjusted Offense Level: based on $148,953 > +8, §2B1.1(b)(1)(G) | 8<br><br>+12 |
| Specific Offense Level pursuant to U.S.S.G. §2S1.1(b)(2)(C) | +4 |
| Victim Related Adjustment | 0 |
| Adjustment for Role in the Offense | 0 |
| Adjustment for Obstruction of Justice | 0 |
| Adjusted Offense Level (Subtotal): | 24 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1(a) | -2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1(b) | -1 |
| Chapter Four Adjustment pursuant to U.S.S.G. §4C1.1(a) and (b) | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **19** |

    4.  <u>Summary of Facts of Criminal Conduct (including undisputed portions of PSR)</u>

       The government does not dispute the offense conduct facts in the PSR (ECF #790, pp. 4-11, ¶¶ 10-16), which are consistent with the factual basis supporting the plea agreement (ECF #613, pp. 14-16). The Defendant was convicted for his role in a money

laundering conspiracy that spanned approximately May 2020 through October 2021. PSR at 4-11, ¶¶ 10-16. During the conspiracy, the Defendant worked with his co-defendants, and others, to move and launder money from various fraud schemes—including romance scams and unemployment insurance fraud schemes—in the form of used cars purchased with illicit proceeds in the United States. *Id.* at 4, ¶ 10. The used cars were then shipped to beneficiaries in Nigeria. *Id.* Among others, the Defendant received and moved money from romance/investment scam perpetrated against victims K.C. and D.L.—both elderly victims that scammers tricked into sending substantial sums of money to, among other people, the Defendant and a bank account he controlled at Investors Bank. *Id.* at p. 6, ¶¶ 12(c)-(d). The Defendant laundered some of the money he received through a Copart account co-defendant Oluwasegun Baiyewu controlled. *Id.* at 11, ¶ 15. The Defendant also laundered proceeds of unemployment insurance fraud schemes perpetrated using the stolen personal identifying information of victims who were residents of Illinois. *Id.* at 9-10, ¶¶ 12(aa)-(ee) and 16. The Illinois Department of Employment Security paid out benefits obtained in the names of the victims to scammers, who bought money orders with the funds, which were in turn provided to the Defendant who further laundered the money as part of the money laundering conspiracy. *Id.* In total, the Defendant helped members of the conspiracy launder approximately $482,795.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

5. Defendant's Background

The government has no reason to dispute any facts contained in the PSR's description of the Defendant's background. Relevant to the sentencing analysis in this case, the government notes the Defendant was arrested on April 25, 2019, for conspiracy to commit wire fraud, conspiracy to commit money laundering, and aggravated identity theft. PSR at 14, ¶ 38. On October 26, 2021, the defendant was convicted after a jury trial and received a sentence of 84 months in prison for the conspiracy to commit wire fraud and the conspiracy to commit money laundering charges, followed by a 24-month consecutive sentence for aggravated identity theft, resulting in a total sentence of 108 months. *Id.*

6.  <u>Sentencing Procedure, 18 U.S.C. § 3553 Factors (including plea justification)</u>

District courts should follow a standard procedure when sentencing defendants. That standard was set forth in *Gall v. United States*, 552 U.S. 38 (2007). According to that precedent, the district court's "starting point" is to determine the advisory sentencing range under the Guidelines. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Perez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* A district court errs in performing this procedure by treating the Guidelines as obligatory rather than advisory, *id.* at 51, or presumptively reasonable, *United States v. Nelson*, 555 U.S. 350, 352 (2009) (per curiam). The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Gall*, 552 U.S. at 50.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider the following

factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and
>
> characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect
>>
>> for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant;
>>
>> and
>>
>> (D) to provide the defendant with needed educational or
>
> vocational training, medical care, or other correctional treatment in
>
> the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established ...
>
> (5) any pertinent policy statement—
>
> (6) the need to avoid unwarranted sentence disparities among
>
> defendants with similar records who have been found guilty of similar
>
> conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

The government seeks a within-guidelines sentence of 37 months followed by a term of supervised release of three years as provided by U.S.S.G. § 5D1.1, and a mandatory special assessment of $100. The government agrees with Probation that the Defendant does not have the ability to pay a fine. PSR at 20, ¶ 78. Therefore, the government does not

request the Court order the Defendant to pay a fine. To date, there have been no restitution requests applicable to the Defendant; thus, although restitution is mandatory as provided under 18 U.S.C. § 3663A (PSR at 21, ¶ 89), the government does not request the Court order restitution with respect to the Defendant – particularly because the government is seeking a forfeiture money judgment in the amount of $482,795, which will result in payment of any monies that become available back to the U.S. Treasury to benefit the United States government and taxpayers who were victimized through the UI fraud schemes.

The recommended sentence is supported by an analysis of the relevant sentencing factors and would be sufficient—but not greater than necessary—to satisfy the aims of 18 U.S.C. § 3553(a). In this case, the Defendant's conduct is serious. Critically, the Defendant was on pre-trial release for the S.D.N.Y. matter on conditions—including that he not commit any crimes pending trial on charges for similar conduct as in the instant case—when he chose to continue laundering money from fraud schemes. And the schemes in *this* case victimized dozens of victims of identity theft, state and federal taxpayers who paid out the fraudulent UI claims, and two elderly victims of romance/investment fraud. These types of fraud are pervasive and cut at the fabric of our society. Money launderers like the Defendant are critical to making such fraud schemes profitable; without people willing to move and "clean" illicit proceeds, the perpetrators of these fraud schemes cannot as easily profit from their criminal actions. Regarding deterrence, the recommended sentence is proportional to the loss amount involved in this case that resulted from the Defendant's conduct, and is sufficiently lengthy to dissuade the Defendant and other similarly-situated defendants from serving as money launderers in the future.

As to the remaining Section 3553(a) factors, the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall*, at 46 (guidelines are the "product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Accordingly, "within guidelines" sentences achieve Congress's goal in enacting the Sentencing Reform Act; to wit, "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

For those reasons, the parties submit that the recommended sentence is a just and reasonable resolution to this case.

7.   <u>Contested Issues of Law or Fact</u>

Other than as described above in connection with the difference between the guidelines calculation in the plea agreement versus the PSR, the United States has identified no contested issues of law or fact to bring to the attention of the Court.

8.   <u>Conclusion</u>

Considering the arguments set forth herein, the United States hereby requests a sentence of 30 to 37 months followed by a three-year term of supervised release, and a special monetary assessment in the amount of $100. The government seeks a forfeiture money judgment in the amount of $482,795.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th day of October 2025.

W. Stephen Muldrow
United States Attorney

*S/ Richard S. Greene IV*
Richard S. Greene IV
Senior Trial Attorney
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation
Branch
450 5th St. NW
Washington, DC 20001
P: 202-305-3827
C: 202-341-6226
richard.s.greene.iv@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this same date, this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel.

*S/ Richard S. Greene IV*
Richard S. Greene IV